FILED09 MAY '11 16:09USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JASON DIAZ, | ) | Civil No. 11-0006-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| JACK IN THE BOX, INC., a corporation | ) | |
| of Delaware; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Jon M. Egan
JON M. EGAN, P.C.
240 Sixth Street
Lake Oswego, OR  97034-2931

Attorney for Plaintiff

Douglas S. Parker
Jennifer A. Nelson
LITTLER MENDELSON, P.C.
121 S.W. Morrison Street, Suite 900
Portland, OR  97204

Ryan S. Gibson
STOEL RIVES, LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR  97204

     Attorneys for Defendants

JONES, Judge:

     This employment action for wages, overtime pay, and penalties under state and federal

law is before the court on defendants Northwest Group, Inc.'s, Payroll Specialties NW, Inc.'s,

and V.R., Inc.'s (together, "defendants")[1] motion and supplemental motion (## 9, 12) to compel

arbitration and/or dismiss or stay proceedings pending arbitration.[2]

     The "AT - WILL" & Arbitration Employee Acknowledgment and Agreement

("Agreement"), Exhibit A to the Declaration of Jim McGaha, is comprehensive and expressly

covers the categories of claims plaintiff alleges in his complaint.  Specifically, the Agreement

covers:

> any claim, dispute, and or controversy (including, but not limited to, any claims of
> discrimination and harassment, whether they are based on the Oregon Civil Rights
> or wage laws as well as all other applicable state or federal law or regulations)
> which would otherwise require or allow resort to any court [or] other
> governmental dispute resolution forum between [plaintiff] and the Company . . .
> arising from, related to, or having any relationship or connection whatsoever with
> [plaintiff] seeking employment with, employment by, or other association with the
> Com[p]any, whether based on tort, contract, statutory, or equitable law, or
> otherwise . . . .

---

     [1]     One of the four defendants in this action, plaintiff's previous employer Jack in the
Box, Inc., answered the complaint and has not joined the present motion.

     [2]     On April 26, 2011, plaintiff filed a motion (#19) for leave to file surresponse.  that
motion is granted and the court has considered the arguments set forth in the surresponse.

2 - OPINION AND ORDER

I reject as unpersuasive plaintiff's contentions that the Agreement is unenforceable because it "lacks mutual consideration, was not signed, resulted from a mutual mistake, is impossible, is statutorily prohibited, and is both procedurally and substantively unconscionable." Response to Defendants' Motions to Arbitrate/Dismiss/Stay, pp. 15-16. Further, I find plaintiff's lengthy arguments about defendants' proper business names or assumed business names to be immaterial to my decision with respect to the present motion to compel arbitration.

Finally, I concur with defendants that because all of plaintiff's claims against the moving defendants arise out of his employment, see generally, Complaint (Federal and State Wage Claims), the Agreement is broad enough to encompass all three defendants, even though two of them, Payroll Specialties and V.R., Inc., are not parties to the Agreement. See Livingston v. Metropolitan Pediatrics, LLC, 234 Or. App. 137, 149-52, 227 P.3d 796 (Or.App. 2010).

Consequently, I conclude that plaintiff's claims against the three moving defendants are encompassed by the Agreement, and his remedy, if any, for the alleged violations must be pursued through the arbitration process. Accordingly, defendants' motions (## 9, 12) to compel arbitration are GRANTED, the motion to stay is moot, and this action is dismissed as to these defendants without prejudice. The parties are ordered to arbitration in accordance with the terms of the Agreement. Plaintiff is ordered to file, within 20 days of the date of this order, an

amended complaint that alleges only his claims against the remaining defendant, Jack in the Box, Inc.

IT IS SO ORDERED.

DATED this _____ 9th ____ day of May, 2011.

ROBERT E. JONES
U.S. District Judge